Keech v. Cowles.

---

KEECH *v.* COWLES, Adm'r.

1. Evidence: WHERE ADVERSE PARTY IS EXECUTOR.    Section 3982 of the Revision, providing that a party is incompetent to testify where the adverse party is an executor, does not render such party incompetent to establish the loss of a written instrument in order to admit secondary evidence of its contents.

2. —— HUSBAND AND WIFE.    After notice of a wife's ownership of personal property, left under the control of the husband, has been filed for a period of five years, it becomes, under Revision, section 2501, presumptive evidence of the facts therein stated.

*Appeal from Delaware Circuit Court.*

FRIDAY, JUNE 14.

ON the 1st day of October, 1866, the defendant was appointed administrator of the estate of Charles Seymour,

deceased, and letters of administration were issued to him on the same day. Publication of notice of administration was completed March 1, 1867. On the 13th of April, 1869, the plaintiff placed notice of her claim against the estate in the hands of the sheriff for service, and on the 19th of April her petition was filed.

On the 8th day of November, 1869, plaintiff filed an amended petition, stating that, on the 5th day of December, 1861, there was in the possession, and under the control of her then husband, personal property belonging to plaintiff of the value of $1,500, and that she caused to be filed in the office of the recorder of deeds of Buchanan county, a notice of her claim to said property, and of the value thereof.

That, without fault or negligence on her part, she lost said notice, and was not able to find it until about the 1st day of January, 1869 ; that about that time she learned of a witness who knew of the facts relating to said property and of her ownership thereof ; that she was ignorant of said evidence, and had no means of knowing of its existence until January, 1869, and that prior to that time she was unable to prove said claim, and did not file it because she knew of no evidence whereby she could establish it.

The defendant demurred to this petition, for the reason that the claim is barred by section 2405 of the Revision, and the alleged excuse for not filing said claim within eighteen months from the giving of notice by defendant of his appointment as administrator, is not sufficient to entitle plaintiff to equitable relief.

The demurrer was sustained. Plaintiff appeals.

*George Watson* for the appellant.

*Blair & Bronson* for the appellee.

Keech v. Cowles.

DAY, J. — The demurrer was properly sustained. First, appellant claims that plaintiff is not a competent witness

1. EVIDENCE: where ad-- verse party is executor.

of the loss of the notice, and hence she was unable to lay the proper foundation for the introduction of the record thereof. In this he is in error. At common law the party's own oath may be received as to the facts and circumstances of the loss of a paper, in order to the introduction of secondary evidence of its contents. 1 Greenl. on Ev., § 349. This rule is not changed by the provisions of chapter 159 of the Revision. Section 3980 renders competent parties who were incompetent at common law, and section 3982 provides that section 3980 shall not apply when the adverse party is the executor of a deceased person, and the facts to be proved transpired before the death of the deceased. No one competent at common law is rendered incompetent by these provisions.

Second. It is claimed that it would have been a vain thing to have filed her claim without the means of proving

2. —— husband and wife.

her ownership, and the amount of the property left under her husband's control. From the statements of the abstract it appears that notice of administration was given March 1, 1867, and that notice of plaintiff's claim was filed December 5, 1861, more than five years before. Hence, under the provisions of section 2501 of the Revision, it became presumptive evidence of the facts therein stated.

A *prima facie* case for plaintiff would have been made out by the mere production of the record of notice filed, under the provisions of section 2501 of the Revision.

There was, therefore, no necessity for delay, and no excuse for it is shown.

Affirmed.